FILED

March 27, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

**IN THE COURT OF APPEALS OF TENNESSEE**

**AT KNOXVILLE**

| | |
|---|---|
| CASA JUVENILE SERVICES ASSOC., INC., | ) C/A NO. 03A01-9708-JV-00368 |
| and | ) HAMBLEN JUVENILE |
| TN DEPT. OF CHILDREN'S SERVICES, | ) |
| | ) HON. MINDY NORTON SEALS, |
| | ) JUDGE |
| Petitioners-Appellees, | ) |
| | ) |
| v. | ) |
| | ) |
| CAROL ANN MUSICK, | ) |
| | ) |
| Defendant-Appellant, | ) |
| | ) |
| IN THE MATTER OF: | ) |
| George Patrick Musick, d/o/b: 09/25/86 | ) |
| Charlotte Dean Musick, d/o/b: 11/09/90 | ) |
| Kathy Mary Musick, d/o/b: 05/14/94 | ) |
| | ) AFFIRMED |
| All Children Under Eighteen Years of | ) AND |
| Age. | ) REMANDED |

JOHN KNOX WALKUP, Attorney General and Reporter,
and
DOUGLAS EARL DIMOND, Assistant Attorney General, Nashville, for Petitioner-Appellee Tennessee Department of Children's Services.

EDWARD KERSHAW, LEONARD & KERSHAW, Greeneville, for Defendant-Appellant.

**O P I N I O N**

Franks, J.

In this action to terminate the parental rights of Carol Ann Musick, the

Trial Judge found that Musick had abandoned her children and she had not complied with her plan of care and responsibilities. Musick has appealed.

A ground for termination of parental rights, abandonment, is found in Tennessee Code Annotated §36-1-113(g)(1), and abandonment is defined as a parent who has either wilfully failed to visit or wilfully failed to support a child within four consecutive months immediately preceding the filing of an action to terminate parental rights. T.C.A. §36-1-102(1)(a)(I).

The other ground found by the Trial Judge to terminate parental rights was substantial non-compliance by the parent with the statement of responsibilities in a permanency plan or plan of care as provided by the Code. T.C.A. §36-1-113(g)(2).

Our review of the Trial Court's findings is *de novo* and we affirm the termination if the statutory ground for termination is established by clear and convincing evidence.

It is unnecessary for us to consider both grounds, since we conclude there is clear and convincing evidence that the mother had abandoned the children within the meaning of the statutory ground for terminating parental rights on abandonment. The mother conceded that for at least one year prior to the filing of the petition, she had not visited with her children. Her excuse was that she could not obtain transportation or did not schedule visits. The reasons given for not visiting the children are not supported in the record. For a substantial part of this time, Musick's boyfriend, as well as his neice, provided her with transportation. There was public transportation available, and transportation was available through the auspices of the Department. She did not avail herself of any of these services to visit her children.

Accordingly, we affirm the judgment of the Trial Court and remand with cost of the appeal assessed to the appellant.

2

_____

_____
Herschel P. Franks, J.

CONCUR:


_____
Don T. McMurray, J.


_____
Charles D. Susano, Jr., J.